[Cite as *State v. Carter*, 2011-Ohio-3613.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 23987 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 99-CR-1936 |
| v. | : | |
| | : | |
| LEWELL ANDRE CARTER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of July, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
          Attorney for Plaintiff-Appellee

LEWELL ANDRE CARTER, #382-698, London Correctional Institution, Post Office Box 69, London, Ohio 43140
          Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-Appellant Lewell Andre Carter appeals from an order denying his motion to withdraw a guilty plea to two counts of Aggravated Robbery that was tendered and accepted in 1999, ten years before his motion to withdraw. Carter contends that the trial court

erred by denying his motion, without a hearing, because he had been promised that he would receive an aggregate sentence of not more than ten years, but he was sentenced to two terms of seven years, to be served consecutively.

{¶ 2} The trial court found that Carter's claim, unsupported by anything other than his own, self-serving statement, is belied by the transcript of the plea hearing. We agree. The order from which this appeal is taken is Affirmed.

I

{¶ 3} Carter was indicted in 1999 on three counts of Aggravated Robbery, with firearm specifications, two counts of Kidnapping, with firearm specifications, and one count of Possession of Crack Cocaine. In a plea bargain, Carter pled guilty in October 1999 to two counts of Aggravated Robbery, without firearm specifications, and all other charges, including the firearm specifications to the two counts to which he pled guilty, were dismissed. A few weeks later, he was sentenced to seven years on each count of Aggravated Robbery, to be served consecutively, for an aggregate term of fourteen years.

{¶ 4} In August, 2009, almost ten years later, Carter filed a motion to withdraw his plea. In his motion, Carter claimed that he had been promised by the trial judge that his prison sentence would not exceed ten years. He claimed that he brought this to the attention of the trial court at his sentencing hearing in October, 1999.

{¶ 5} The trial court, presided over by the same judge who had accepted Carter's plea and imposed sentence in 1999, denied Carter's motion without a hearing. From the order denying his motion to withdraw his plea, Carter appeals.

II

{¶ 6}  In his initial brief, Carter, who is pro se, did not set forth any assignments of error. In that brief, he questioned the trial court's reliance, in having denied his motion, upon transcripts of the September 24, 1999 plea hearing and the October 8, 1999 sentencing hearing. He complained of the fact that he had never seen either transcript.

{¶ 7}  By entry, we afforded Carter the opportunity to file a supplemental brief, noting that copies of the two transcripts had been attached to the State's Answer Brief, which was served on Carter, so that he presumably now had an opportunity to review the transcripts. Carter filed his supplemental brief on May 17, 2011. The State filed a supplemental brief in response, and Carter then filed a reply brief to the State's supplemental brief.

{¶ 8}  In his supplemental brief filed May 17, 2011, Carter sets forth one assignment of error:

{¶ 9}  "THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD A COMPLETE AND IMPARTIAL HEARING ON THE MOTION TO WITHDRAW THE GUILTY PLEA."

{¶ 10} A hearing on a motion to withdraw a guilty plea "is not required where the record, on its face, conclusively and irrefutably contradicts the allegations in support of the withdrawal" motion. *State v. Legree* (1988), 61 Ohio App.3d. 568, 574.

{¶ 11} Carter's motion to withdraw his plea was predicated upon his claim that the trial judge promised him that his aggregate sentence would not exceed ten years. The trial judge who denied his motion was the same trial judge who had accepted his plea and imposed sentence ten years earlier. The judge reviewed the transcript of the plea  hearing, and concluded that it belies Carter's claim that he was promised a sentence not to exceed ten years.

{¶ 12} We have reviewed the transcript of the plea hearing, and we agree with the trial

court. After the essential terms of the plea agreement were recited into the record – with Carter pleading to two counts of Aggravated Robbery, and the State dismissing all other counts and all firearm specifications, including the firearm specifications to the two counts to which Carter was pleading guilty – the following colloquy occurred:

{¶ 13} "THE COURT: Is there any other aspect to this plea negotiation, Mr. Carter, that's been left out?

{¶ 14} "THE DEFENDANT: Yes, sir, yes, sir, yes, sir.

{¶ 15} "THE COURT: Have any promises of any sort been made to you?

{¶ 16} "THE DEFENDANT: No, sir.

{¶ 17} "THE COURT: Other than what we've placed in the record?

{¶ 18} "THE DEFENDANT: No, sir."

{¶ 19} We do not have an audiovisual record of this exchange, so we do not know Carter's demeanor and tone in his first response. Because the trial judge, who has been on the bench over twenty years, did not follow up, it may be that Carter's demeanor and tone suggested that he had misunderstood the question and was intending to agree that there had not been anything left out. If the immediately following two questions and answers were not present in the transcript, we might conclude that the record does not sufficiently belie Carter's claim to avoid the necessity for a hearing on his motion. But they are there, and they specifically contradict Carter's claim that any promise had been made to him beyond the dismissal of the other charges and firearm specifications.

{¶ 20} Furthermore, the following colloquy also contradicts Carter's claim that he was promised a sentence not to exceed ten years:

**{¶ 21}** "THE COURT:   Now, the potential penalty you face on each of these two counts, Mr. Carter, since they are both first degree felonies, that means they each carry the potential of a fine of up to twenty thousand dollars ($20,000.00) plus court costs, restitution or other financial sanctions and a potential prison term anywhere from three years up to 10 years.

**{¶ 22}** "Do you understand those are the potential penalties?

**{¶ 23}** "THE DEFENDANT: Yes, sir.

**{¶ 24}** "THE COURT: And if you were to receive a prison sentence, the court could run the prison sentences concurrently meaning at the same time or consecutively meaning one on top of the other.

**{¶ 25}** "Do you understand that?

**{¶ 26}** "THE DEFENDANT: Yes, sir."

**{¶ 27}** The record of the plea hearing clearly contradicts Carter's claim that the trial judge promised him his sentence would not exceed ten years.

**{¶ 28}** At the sentencing hearing, for the first time, Carter complained that he thought he was to be sentenced to ten years:

**{¶ 29}** "THE COURT: * * * *

**{¶ 30}** "After considering Section 2929.12, the seriousness and recidivism factors set forth on Page 9 of the pre-sentence investigation report, this court finds that the shortest term in this case would demean the seriousness of this defendant's conduct.

**{¶ 31}** "THE DEFENDANT: I supposed so [sic] get 10 years.

**{¶ 32}** "THE COURT: And further, court finds that the shortest term will not adequately protect the public from future crime by this defendant.

**{¶ 33}** "The courts [sic] finds consecutive sentences are necessary to protect the public from crime.

**{¶ 34}** "THE DEFENDANT: Thought I was getting 10 years concurrent. They was going to be 10?

**{¶ 35}** "THE COURT: And the court finds consecutive sentences are necessary to punish the offender. The court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the defendant poses to the public.

**{¶ 36}** "The court finds that consecutive sentences are necessary because of the defendant's history of criminal conduct.

**{¶ 37}** "THE DEFENDANT: What happened to the concurrent?

**{¶ 38}** "THE COURT: That the consecutive sentences are necessary to protect the public from future crime by the offender. There was not any –

**{¶ 39}** "THE DEFENDANT: That's what I'm led to believe I was supposed to get so now it's something different.

**{¶ 40}** "THE COURT: The court took your plea, Mr. Carter, and I explained to you very clearly at the time the potential sentence in this case.

**{¶ 41}** "THE DEFENDANT: Well, I didn't understand. That's like I couldn't get a answer where the third robbery was coming from. I didn't know what was going on.

**{¶ 42}** "THE COURT: And so the court sentences you on, Count 1, aggravated robbery, SEVEN YEARS to the Columbus Reception Center. The court sentences you on Count 2, SEVEN YEARS to the Columbus Reception Center. I order those sentences to be run consecutive.

{¶ 43} "The court advises you, Mr. Carter, that if you commit any additional crimes in prison, the parole board administratively may add onto you sentence 15, 30, 60 or 90 days for each additional crime up to a total of seven additional crimes if you were to commit –

{¶ 44} "THE DEFENDANT: I don't need to hear all that. I'm cool with the 14 years, you know."

{¶ 45} Obviously, Carter was unhappy that he did not receive a ten-year sentence, which he thought he was "supposed to get." But he did not claim, even at sentencing, that the trial judge had promised him a ten-year sentence. And he did not complain about his fourteen-year sentence, which he was "cool" with, until ten years later, when he filed the motion to withdraw his plea that is the subject of this appeal.

{¶ 46} We agree with the trial court that the record of Carter's plea hearing contradicts his belated claim, ten years later, that the trial judge had promised him a ten-year sentence. Accordingly, a hearing on Carter's motion to withdraw his plea was not required.

{¶ 47} Carter's sole assignment of error is overruled.

III

{¶ 48} Carter's sole assignment of error having been overruled, the order from which this appeal is taken is Affirmed.

. . . . . . . . . . . . .

HALL and BROGAN, JJ., concur.

(Hon. James A. Brogan, retired judge from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck

Carley J. Ingram
Lewell Andre Carter
Hon. Dennis J. Langer